UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT -8  P 1: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA )
)
V. ) M.B.D. NO. 04-10232
)
JEFFREY HOLLIDAY, )
)
Defendant. )

## JOINT MOTION FOR CONTINUANCE
## PURSUANT TO 18 U.S.C. § 3161(H)(8)(A)

The United States of America and defendant Jeffrey Holliday, by and through undersigned counsel, respectfully request a continuance of the period within which to return an indictment in this matter to November 12, 2004, pursuant to 18 U.S.C. § 3161(h)(8)(A).

As grounds for this motion, the parties state as follows:

1. On July 20, 2004, defendant Jeffrey Holliday was charged by criminal complaint (M.J. No. 04-867-MBB) with embezzlement of government property, in violation of Title 18, United States Code, Section 641.

2. On August 6, 2004, the defendant had an initial appearance pursuant to Fed. R. Crim. P. 5 before Chief United States Magistrate Judge Marianne B. Bowler. Magistrate Judge Bowler set conditions of release for the defendant and the defendant waived his right to a probable cause hearing.

3. Then-counsel for the United States, AUSA John Farley, and counsel for defendant Holliday promptly commenced negotiating a potential pre-indictment disposition of this matter.

4. Under the terms of the Speedy Trial Act, an indictment or information ordinarily is required to be filed within 30 days after a defendant is served with a summons in connection with



charges. See 18 U.S.C. § 3161(b).

5. Before the time within which to return an indictment or information had elapsed, on August 26, 2004, the United States, with defendant's assent, requested that the Court continue the date for the return of any indictment to October 8, 2004. The Court allowed that motion but noted, "However, it is unlikely that any further extension will be granted."

6. Before the parties' attempts to reach a negotiated resolution were complete, AUSA Farley left the United States Attorney's office, at the end of August 2004.

7. Within the past week, undersigned counsel, AUSA Paul Levenson, has been assigned to handle this matter. AUSA Levenson has commenced discussions with counsel for defendant to ascertain whether the parties can agree to a pre-indictment disposition of this matter.

8. The parties understand the seriousness of the Court's warning with respect to any further continuance and will do all that they can to resolve this matter expeditiously. As a practical matter, however, the change of counsel for the United States created an unavoidable delay, hence the present motion. After a hiatus during the month of September (when there was no AUSA assigned to the matter) the parties are again actively attempting to reach a potential pre-indictment resolution.

9. For the reasons set forth above, it is the position of the parties that the ends of justice will be best served by the requested continuance in that it will allow the parties additional time to attempt to arrange a pre-indictment disposition of this matter, thereby conserving judicial, grand jury, and governmental resources. It is the position of the parties that the interests of justice served by the requested continuance outweigh the interests of the defendant and the public in a speedy indictment.

WHEREFORE, the undersigned respectfully request that the Court grant a continuance of the period within which to return an indictment in this matter to November 12, 2004, in the interests of justice.

Respectfully submitted,

dated: October 8, 2004

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney<br><br>By: _[signature]_<br>PAUL G. LEVENSON<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3147 | JEFFREY HOLLIDAY<br><br><br>By: _[signature] by PGL_<br>Charles McGinty, Esq.<br>Federal Defender Office<br>District of Massachusetts<br>408 Atlantic Avenue<br>Boston, MA 02210<br>(617) 223-8061 |