UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 15 A 11: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) M.B.D. NO. 04-10232 |
| JEFFREY HOLLIDAY, | ) |
| Defendant. | ) |

## AFFIDAVIT OF ASSISTANT UNITED STATES ATTORNEY STEPHEN G. HUGGARD

I, Stephen G. Huggard, being duly sworn, state as follows:

1. I am an Assistant United States Attorney, a position I have held since October, 1997.

2. Prior to becoming an Assistant United States Attorney, I was a Trial Attorney with the Department of Justice, Tax Division, commencing February 8, 1988.

3. From sometime in 1994 until October 1997, I served as a Special Assistant United States Attorney in the District of Massachusetts, while on the payroll of the Tax Division.

4. I currently serve as Chief of the Public Corruption & Special Prosecutions Unit. In that capacity, I supervised Assistant United States Attorney John J. Farley when he worked for our office, and I currently supervise Assistant United States Attorney Paul G. Levenson, who has been assigned by the United States Attorney to replace Mr. Farley in the Public Corruption Unit.

5. I was aware of the instant matter during its investigative stage and approved the filing of the criminal complaint. As

a unit chief, I do not have the authority to approve the filing of an Information or Indictment, but only the filing of a complaint.

6. After the complaint was filed, AUSA Farley resigned to take a job as an AUSA in another district. Unfortunately, within days after his resignation, I left on a 17 day family vacation in Europe, returning to the office on August 26, 2004.

7. AUSA Farley advised me that he could not complete plea negotiations on the matter and had sought a continuance, which had been granted. I did not see, and was not aware, that the Court had added the proviso, that "However, it is unlikely that further extension will be granted."

8. While I was on vacation, AUSA Farley's wife gave birth, causing him to take time off from the office.

9. Upon my return, AUSA Farley and I had planned to use his remaining week (his last day was to be September 3, 2004) to transition his cases after he had prepared transition memoranda for each.

10. Unfortunately, AUSA Farley's wife became seriously ill. He has asked that the details not be disclosed, but her illness was such that she required hospitalization. As a result, AUSA Farley was not in the office much on August 30 or 31,

2004, and did not come to work at all on September 1, 2 or 3, 2004.

11. As a result of AUSA Farley's rushed departure, transition memoranda were not prepared for some of his files, including this case.

12. Immediately upon AUSA Farley's announced resignation, a process was begun in the office to select a replacement for him. That process was necessarily slowed by August vacations, but continued until the United States Attorney selected Paul Levenson as the AUSA to be transferred to the Public Corruption Unit. The process involved the evaluation of several candidates from within the office who had expressed an interest in the unit.

13. On September 18, 2004, I myself was taken seriously ill. That illness caused me to remain out of the office until September 27, 2004.

14. I am unsure of the precise date on which the decision to select AUSA Levenson was made, but I believe that it was on or about September 24, 2004.

15. I gave Mr. Levenson the case file for this matter within days of learning that he was assigned to the unit. I told him at that time there was an extension until early October, and that the case needed to be looked at immediately.

16. Shortly thereafter (I do not recall on which day), Mr. Levenson advised me that he had spoken with defense counsel and that they needed more time to resolve the matter. I have understood counsel has continuously represented this case would be resolved by plea.

17. I thought this was reasonable, for the following reasons:
    A. Defense counsel was seeking the continuance to achieve what he thought was the most just result for his client.
    B. Defendant was not in custody.
    C. There had only been one previous extension.
    D. AUSA Levenson and defense counsel seemed to be working diligently toward a resolution.
    E. Post-Blakely charging decisions are complicated by the need to allege such factors as loss amounts, or, as in this case, to see if the parties agree as to the loss amount.

18. I understand that the court is considering whether to dismiss the complaint and, if so, whether to do so with prejudice.

19. I do not believe that Speedy Trial Act has been violated, as a motion for an extension was filed before the time to bring formal charges expired. Thus, I do not believe that a sanction, let alone dismissal, is warranted. That said, I agree with AUSA Levenson that, out of courtesy to the Court, the motion should have been brought to the Court's attention

sooner that the day on which the prior extension expired. My understanding is that AUSA Levenson acknowledged as much in open court yesterday. Even so, no violation has occurred.

20. If the Court decides to dismiss the complaint, I do not believe that such dismissal should be with prejudice for the reasons set forth in paragraph 16, above, and because no prejudice has occurred to the defendant. In fact, my

understanding is that defense counsel conceded yesterday in open court that the defendant had not been prejudiced by the extension requests. Indeed, it is hard to see how such prejudice could be found when the defendant has sought the extensions.

Signed under the pains and penalties of perjury this 15th day of October, 2004.

*Stephen G. Huggard*

## CERTIFICATE OF SERVICE

Suffolk, ss.                                        Boston, Massachusetts
                                                    October 15, 2004

    I, Stephen G. Huggard, Assistant U.S. Attorney, do hereby certify that I have served the copy of the foregoing by hand delivery to the following:

        Charles McGinty, Esq.
        Federal Defender Office
        408 Atlantic Avenue
        Boston, MA 02210
        Fax - (617) 223-8080

*Stephen G. Huggard*