```
                                                    FILED
         UNITED STATES DISTRICT COURT CLERKS OFFICE
              DISTRICT OF MASSACHUSETTS
                                                 2004 OCT 15  A 11: 49
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | U.S. DISTRICT COURT |
| ) | DISTRICT OF MASS. |
| V. ) | M.B.D. NO. 04-10232 |
| ) |  |
| JEFFREY HOLLIDAY, ) |  |
| ) |  |
| Defendant. ) |  |

### UNITED STATES' POST-HEARING MEMORANDUM IN SUPPORT OF JOINT MOTION FOR CONTINUANCE PURSUANT TO 18 U.S.C. § 3161(H)(8)(A)

As set forth below, the interests of justice served by the requested continuance outweigh the interests of the defendant and the public in a speedy indictment. See 18 U.S.C. §3161(h)(8)(A). Furthermore, if the Court dismisses this matter, such dismissal should be without prejudice. See 18 U.S.C. §3162(a)(1).

1. The Requested Continuance Is In the Interests of Justice As Required Pursuant to 18 U.S.C. §3161(h)(8)(A).

As noted in the Joint Motion for Continuance, filed October 8, 2004, this is a case in which the interests of justice served by the requested continuance outweigh the interests of the defendant and the public in a speedy indictment. See 18 U.S.C. §3161(h)(8)(A).

As AUSA Levenson acknowledged in the hearing before the Court yesterday afternoon, he should have acted sooner in bringing to the Court's attention the need for this continuance. Nevertheless, the joint motion for continuance has merit.

To amplify the reasons why the requested continuance is in the interests of justice, the United States notes as follows:

The statute requires that the interests served by allowing a continuance must be found to outweigh "the interests of the defendant and the public" in a prompt indictment. In a case where the defendant is not incarcerated and his liberty is not unduly restricted, any harms to the defendant from extending the pendency of a criminal complaint beyond the 30 day period provided by 18 U.S.C. § 3161(b), are minimal. Here, the defendant has joined in the motion for

continuance in this case and his counsel has articulated for the Court the reasons why he believes the continuance is in <u>defendant's</u> best interest. Accordingly, it is the interests of the public at large – rather than any prejudice to an accused individual – that are at issue.

This is not a matter that has received significant public attention so the public interest in restricting continuances beyond the 30-day time limitation of Section 3161(b) is at its most general – the overall orderly progress of the Court's docket. As against this generalized public interest, the reasons for allowing the motion for continuance are strong.

It appears that the Defendant is unable to afford retained counsel. Accordingly, the filing of a Complaint in this matter provides a basis upon which counsel could be appointed to represent the defendant in connection with this serious criminal matter.

The facts of the alleged crime are relatively complex. As the Affidavit in support of the Complaint reflects, the charges in this case arise from an embezzlement scheme that unfolded over the course of several years, from 1998 to 2002. The affidavit reflects that the defendant stole government funds by arranging for government vendors to process credit card payments (from a government credit card) while passing the proceeds of those payments to third parties who, in turn, passed the money to the defendant. Whether, and to what extent, the vendors and third parties were aware of the fraudulent nature of the transactions is not clear. It is also unclear which transactions handled by the vendors may have been legitimate and which fraudulent. These are matters that warrant careful review. While the Complaint reflects a single count of violating 18 U.S.C. §641, there is considerable room for dispute as to appropriate unit of prosecution and, hence, the number and contours of the counts to be charged.

As Attorney McGinty noted, he and AUSA Levenson have agreed in principle to make arrangements for the Defendant to provide information to the United States (directly or indirectly) in order to review the pertinent financial records and identify which of the transactions at issue are in fact fraudulent. This process of attempting to accurately specify the defendant's criminal activity is in the best interests of the government, the defendant and the public. While the dictates of the Speedy Trial Act are not to be taken lightly, the interests of justice are served by allowing a represented defendant an opportunity to provide information – and allowing the government time to investigate – so as to avoid unfounded or overly broad charges.

2

2. <u>Any Dismissal Should Be Without Prejudice</u>

As the Court has noted, 18 U.S.C. §3162(a)(1) sets out the primary factors to be considered in determining whether a dismissal pursuant to that section should be with, or without, prejudice. Each of these factors militates strongly against any dismissal with prejudice. Indeed, while the determination is left to the discretion of this Court, any dismissal with prejudice – in the circumstances of this case – would be an abuse of discretion. See generally <u>United States v. Hastings</u>, 847 F.2d 920, 926-927 (1st Cir. 1988), <u>cited in</u> <u>United States v. Kelley</u>, 300 F.Supp.2d 224, 233 (D. Mass. 2003).

    a. <u>Seriousness of the Offense</u> This case involves a serious felony, embezzlement by a public official. As noted above, the Affidavit accompanying the complaint reflects that this offense was committed over a period of several years, and reflected considerable planning and concealment. Given the public interest in deterring and punishing such conduct, there would be considerable harm in allowing such crimes to go unprosecuted.

    b. <u>Facts and Circumstances of the Case which led to the Dismissal</u> The Court has expressed its view that the delay which resulted from the government's failure to act promptly following the granting of a continuance on August 27, 2004, was undue and unjustified. Moreover, as AUSA Levenson has acknowledged, as a matter of appropriate respect to the Court he should have filed the joint motion sooner and should have brought the matter to the Court's attention. Nevertheless, in gauging the seriousness of the Speedy Trial Act violation at issue here, it is essential to note the following mitigating factors.

First, the parties did not ignore the Speedy Trial Act altogether; this is not a case in which deadlines passed unnoticed. The parties jointly moved for an enlargement of time, albeit in the afternoon of the final day of the previous continuance. The Court has forcefully expressed its view that it was presumptuous to seek such an enlargement, particularly after the Court made clear that a further continuance was unlikely. But on the spectrum of Speedy Trial violations, this is not an especially egregious one. <u>Compare</u> <u>United States v. Saravia</u>, 851 F.Supp. 490, 491 (D. Me. 1994) (30-day period for indictment elapsed with no filing by the parties seeking the Court's approval for a continuance – dismissal without prejudice).

3

Second, this is not a case in which an accused has been left to languish in custody or otherwise been prejudiced by the pendency of a stale complaint. Indeed, as defendant's counsel has told the Court, the defendant cannot, and does not, claim any prejudice from the delay in this case. On the contrary, as defendant's counsel noted, defendant joined in requesting the delays at issue. See United States v. Taylor, 487 U.S. 326, 341 (1988) ("[A]lthough the absence of prejudice is not dispositive, in this case it is another consideration in favor of permitting reprosecution.").

Third, while the joint motion should have been filed sooner – and brought to the Court's attention – the parties' joint position that a continuance should be allowed was not unreasonable. Any dismissal in this case will – by definition – reflect the Court's disagreement with the parties' view that this is a case in which the interests of justice served by allowing the second requested continuance outweigh the public's interest in a speedy indictment. Nevertheless, the parties' position is by no means frivolous. There is good reason to believe that it is worthwhile to tailor a criminal Information (or Indictment in case the defendant ultimately chooses not to waive his right to a trial) so as to fairly and accurately specify the charged conduct.

    c.    The Impact of a Reprosecution on the Administration of this Chapter and on the Administration of Justice.

There is no reason to believe that reprosecution of the defendant following a dismissal would have any negative impact on the Administration of either the Speedy Trial Act or on the Administration of Justice. As noted above, this is not a case in which a defendant has been left to languish in custody, in a legal limbo. Accordingly, there is no risk that a dismissal without prejudice would encourage or abet any pattern of disregarding defendants' rights. Further, as noted above, this is a case in which the parties sought the continuances in question for the purpose of attempting to refine and particularize the ultimate charging instrument. As the Court noted, had the parties' promptly notified the Court of the need for more time to complete the process, it would have weighed the request with due care.

To the extent that the Court finds that the United States failed to act promptly after the continuance allowed by the Court on August 27, 2004, or that AUSA Levenson failed to act promptly in notifying the Court of the need for additional time, any dismissal would amply convey

the Court's view that such delay was unwarranted. A dismissal with prejudice would be over-kill. See United States v. Hastings, 847 F.2d 920, 926-927 (1st Cir. 1988) ("Although an argument can be made that the administration of justice, generally, would be well served by quashing this prosecution and thereby teaching the government a deserved lesson, that is not a part of the balancing the Act contemplates.").

## CONCLUSION

For the reasons set forth above, the Court should allow the parties' joint motion for continuance. Alternatively, any dismissal should be without prejudice.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated: October 15, 2004

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

## CERTIFICATE OF SERVICE

I hereby certify that on this day I will cause a true copy of the above document to be served by First Class Mail upon counsel of record for defendant, addressed as follows:

Charles McGinty, Esq.
Federal Defender Office
District of Massachusetts
408 Atlantic Avenue
Boston, MA 02210

Dated: October 15, 2004

Paul G. Levenson