UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
           v.                   )      MBD No.04-10232-MLW
                                )
JEFFERY HOLLIDAY                )

ORDER

WOLF, D.J.                                        October 21, 2004

    The court has considered the United States' Post-Hearing
Memorandum in Support of Joint Motion for Continuance Pursuant to
18 U.S.C. §3161(h)(8)(A), the Affidavit of Assistant United States
Attorney Stephen G. Huggard, and the arguments at the October 14,
2004 hearing of counsel for the government and for defendant
Jeffrey Holliday.

    When he prepared his affidavit, Mr. Huggard evidently was not
fully informed of the colloquy on October 14, 2004, including the
explanations and apologies offered by Assistant United States
Attorney Paul Levinson. As Mr. Levinson at least understands, even
in the circumstances of this matter it was inexcusable and
presumptuous for the government to file its motion for another
extension of time to file an indictment or information  at 1:45
p.m. on October 8, 2004, particularly where, as here, the
government's August 26, 2004 request for an extension to that date
was allowed by the court with the warning that "it is unlikely that
any further extension will be granted."

    Moreover, 18 U.S.C. §3161(h)(8)(A), requires that to grant an

extension the court must find, and state its reasons for finding,
that "the ends of justice served by granting of such continuance
outweigh the best interests of the public and the defendant in a
speedy trial." As stated at the October 14, 2004 hearing, this
requirement is not satisfied merely by the fact that the government
and the defendant join in the request. If Congress intended to give
the parties complete control over the time in which an indictment
or information must be filed after a complaint has been served, it
could have done so. Instead, the statute recognizes that there is
generally a public interest in an indictment or information being
filed within thirty days of a complaint that is distinct from the
interests of the parties.  See 18 U.S.C. §3161(b). As the Supreme
Court has explained, "there is a societal interest in providing a
speedy trial that exists separate from, and at times in opposition
to, the interests of the accused." Barker v. Wingo, 407 U.S. 514,
519 (1972); see also United States v. Pollock, 726 F.2d 1456, 1460
(9th Cir. 1984) (Even with regard to defendants released on bail,
"Congress [] recognized that there is a strong public interest in
speedy justice . . . To address [this] concern[] the [Speedy Trial]
Act prescribes strict time limits within which each stage of
prosecution must be completed. A crucial part of this scheme is the
requirement that an indictment be filed within 30 days of
arrest."). The Speedy Trial Act imposes on courts a duty to
determine independently whether that societal interest is trumped

in the unique circumstances of a particular case. See 18 U.S.C. §3161(h)(8)(A).

The representations made at the October 14, 2004 hearing and the government's subsequent submissions have substantially amplified the record regarding the October 8, 2004 Joint Motion for Continuance Pursuant to 18 U.S.C. §3161(h)(8)(A). The court now finds that the health problems that contributed to Mr. Huggard overlooking the warning included in the August 27, 2004 Order granting the initial extension, the nature of the case, and the fact that Holliday is not detained make the motion for a limited continuance meritorious. More specifically, in view of these circumstances, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. §3161(h)(8)(A).

The October 8, 2004 Motion requested a continuance of the time in which to return an indictment or issue an information to November 12, 2004, an extension of about five weeks. The proceedings relating to that motion may have distracted the parties from using the past two weeks for the purpose of pursuing their discussions. To compensate for this, the court is granting a longer continuance than the parties requested.

Accordingly, it is hereby ORDERED that:

1.    The Joint Motion for Continuance Pursuant to 18 U.S.C. §3161(h)(8)(A) (Docket No. 2) is ALLOWED.

3

2.    The time in which an indictment or information shall be filed is extended to November 30, 2004.

3.    Any motion for a further continuance, and supporting memorandum and affidavit(s), shall be filed by November 19, 2004, with a request for an expedited hearing. Any such motion will not be allowed except for good cause shown.

                                        /s/ MARK L. WOLF
                                        UNITED STATES DISTRICT JUDGE